IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV21-03-MU

| | |
|---|---|
| LARRY DONNELL WALLACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MARTY T. SHUFORD, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed January 27, 2006. (Document No. 1.)

Plaintiff's Complaint alleges that his attorney conveyed a plea offer to him from the District Attorney and despite Plaintiff's statements that he did not wish to accept the plea, his attorney continued to strongly urge Plaintiff to accept the offer. Plaintiff also alleges that he missed a court appearance because he was ill and his attorney failed to produce his doctor's note to the judge resulting in a warrant being issued for his arrest. While in court pursuant to the arrest warrant, Plaintiff contends that a statement made by his attorney to the judge resulted in Plaintiff's bond being increased by $20,000.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Plaintiff's attorney, whether privately retained or publically appointed, is not amenable to suit under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980); Polk County v. Dodson, 454 U.S. 312, 324-25 (1981). Moreover, based on the conclusory allegations contained in Plaintiff's Complaint, it does not appear that Mr. Shuford, even if he were acting under color of state

law, has not violated the law.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: February 6, 2006

Graham C. Mullen
United States District Judge